[No. F009436. Fifth Dist. Jan. 3, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTURO SANTOS SANDOVAL, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III-VI.

COUNSEL

Stanley Naparst, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**ARDAIZ, J.**—On September 4, 1987, an information was filed alleging four counts. Count I alleged a violation of Vehicle Code section 23153, subdivision (a), driving under the influence of alcohol or drugs with injury and doing an act forbidden by law. Count II alleged a violation of subdivision (b) of Vehicle Code section 23153, driving with a blood-alcohol level of .10 or above with injury and doing an act forbidden by law. It was further alleged with respect to counts I and II that defendant twice had been convicted of Vehicle Code section 23152, subdivision (a), within three years. Count III alleged a violation of Vehicle Code section 14601.2, subdivision (a), driving when license privilege is suspended or revoked. Count IV alleged a violation of Health and Safety Code section 11357, subdivision (b), possession of marijuana.

On September 8, 1987, defendant was arraigned, admitted the priors and pleaded nolo contendere to count I. The remaining counts were dismissed. Defendant was sentenced to three years in state prison, ordered to pay a fine of $500, plus $250 penalty assessments, and ordered to pay a restitution fine in the amount of $5,000, $4,000 of which was ordered to be paid to Southern California Edison Company whose property was damaged by the accident giving rise to the charge.

DISCUSSION

I

*Whether the Trial Court Erred in Ordering Defendant to Pay a Restitution Fine to Southern California Edison Company*

Penal Code section 1202.4 provides in relevant part that: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed and shall be ordered regardless of the defendant's present ability to pay. . . ."

Subdivision (a) of section 13967 of the Government Code provides: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. This fine shall not be subject to penalty assessments as provided in Section 1464 of the Penal Code."

"Government Code section 13967 is designed to compensate crime victims for economic losses suffered as a direct result of a crime." (*People* v. *Serna* (1988) 203 Cal.App.3d 728, 730 [249 Cal.Rptr. 861].) Prior to its amendment in 1986, section 13967 achieved this result by providing for restitution fines that were deposited in the Restitution Fund in the State Treasury. (Gov. Code, § 13967, subd. (b).) Section 13967 was amended in 1986 adding subdivision (c) which allows direct restitution to the victim. Subdivision (c) provides: "(c) In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defend-

ant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. The making of a restitution order pursuant to this subdivision shall not affect the right of a victim to recovery from the Restitution Fund in the manner provided elsewhere, except to the extent that restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted."

Defendant raises several challenges to the propriety of the court's order. ▪ He first argues the trial court committed reversible error in ordering that the "restitution fine" be paid to Southern California Edison. He further argues counsel was ineffective in failing to object to the court's order.

In imposing the restitution fine in the present case, the court stated: "He is ordered to pay a restitution fine in the amount of $5,000, 4,000 dollars of which is payable to the Edison Company in Hanford." Defendant concedes the trial court could properly impose both a restitution fine under subdivision (a) of Government Code section 13967 and order direct restitution to the victim under subdivision (c), provided the entire amount did not exceed $10,000. However, he argues the trial court did not order restitution to be paid to the victim in lieu of the restitution fine. He contends the court "ordered a restitution fine of $5,000, of which $4,000 was to be paid to P.G. & E." He argues that the court may only order restitution to the victim "of that part of the restitution fine *not actually imposed as a fine*." Because the court first imposed the restitution fine in the amount of $5,000 and then ordered $4,000 of that amount be paid to the Edison Company, this court should "reverse that part of the judgment that requires that Mr. Sandoval to pay [*sic*] a $4,000 restitution fine to P.G. & E."

Defendant invites this court to engage in a technical semantic exercise and to ignore the clear intent of the trial court in stating its order. We decline acceptance of such a quibbling interpretation. In imposing the order, the court should have stated it was imposing a restitution fine of $1,000 pursuant to subdivision (a) of Government Code section 13967 and, "in lieu of imposing" a further restitution fine, was ordering restitution of $4,000 to be paid to Southern California Edison Company pursuant to subdivision

(c). Nonetheless, the court's intent to order restitution, rather than a restitution fine, to the victim is clearly set forth in its order.

## II

*Whether Defendant Was Denied a Meaningful Opportunity to Contest His Ability to Pay Restitution and the Appropriate Amount of Restitution*

Defendant further argues he was denied a meaningful opportunity to contest his ability to pay restitution and the appropriate amount of restitution. ██ To the extent he argues his ability to pay should have been considered, his reliance on the provision governing restitution as a condition of probation is misplaced. Notably, Penal Code section 1202.4 provides that as to imposition of restitution fines under Government Code section 13967, ability to pay is not relevant. Although not expressly so stated, defendant appears to argue that because subdivision (c) provides for direct restitution to the victim, the rules governing restitution as a condition of probation should be applicable to Government Code section 13967, subdivision (c). We rejected a similar argument in *People* v. *Long* (1985) 164 Cal.App.3d 820 [210 Cal.Rptr. 745]. Although *Long* dealt with imposition of a fine under subdivision (a), its reasoning is equally applicable here.

In *Long,* the defendant argued failure to consider his ability to pay the restitution fine under subdivision (a) denied him due process of law. We noted the well-settled rule that when restitution is imposed as a condition of probation, the "defendant is entitled to a hearing on his ability to pay such restitution." (164 Cal.App.3d at p. 826.)

"The reason for requiring such hearing on ability to pay is obvious: when restitution to the victim is imposed as a condition of probation, failure to make restitution as ordered by the court is a violation of probation which can result in the incarceration of a defendant. As pointed out by the court in *People* v. *Kay,* '[a]n indigent defendant cannot be imprisoned because of his inability to pay a fine, even though the fine be imposed as a condition of probation.' [Citations.]" (164 Cal.App.3d at pp. 826-827.) We concluded the constitutional concerns that required consideration of a defendant's ability to pay were inapplicable to fines imposed pursuant to Government Code section 13967 because, pursuant to Penal Code section 1205.5, a defendant could not be imprisoned for failure to pay such fines. Rather, the unpaid amounts are to be considered a debt to the state, enforceable pursuant to the general rules of enforcement of civil judgments. (*Id.* at p. 827.)

Similarly here, the concerns requiring consideration of defendant's ability to pay are not present. Unlike the situation where restitution is imposed as a condition of probation, a defendant cannot be imprisoned for failure to pay restitution ordered under subdivision (c) of Government Code section 13967. Rather, as with subdivision (a), a restitution order pursuant to subdivision (c) "is enforceable as a civil judgment." (Gov. Code, § 13967, subd. (c).)

■ Defendant's argument, however, that he was denied a meaningful opportunity to contest the amount of restitution has merit. "Whatever the specific procedural safeguards required at a sentencing hearing concerning restitution, fundamental fairness must be assured . . . . (*People* v. *Arbuckle* (1978) 22 Cal.3d 749, 755 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].)" (*People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084, 1100 [225 Cal.Rptr. 209].) A defendant must be afforded a reasonable opportunity to be heard on the issue of restitution. (*Ibid.*; *People* v. *Hartley* (1984) 163 Cal.App.3d 126, 130 [209 Cal.Rptr. 131].) In the present case, the probation report contained a statement by an employee of Southern California Edison indicating the amount of damage to the telephone pole exceeded $4,000. However, although the probation report recommended defendant be ordered to "pay $1000.00 to the State Restitution Fund," it did not recommend defendant be ordered to make restitution to Southern California Edison Company. Thus, when asked at the sentencing hearing if he wanted "to address the report and recommendation," defendant had no reason to contest the amount of damages claimed or to expect such an assessment. The unexpected order then being made as part of the sentence, defendant was denied the opportunity to contest the validity of the $4,000 figure. Because defendant was denied a reasonable opportunity to contest the accuracy of the amount of damages claimed, the order for restitution to the victim must be reversed and the cause remanded to allow defendant an opportunity to be heard on this issue. Government Code section 13967, subdivision (c), specifically provides restitution may be "imposed in the amount of the losses." It is untenable to infer the defendant does not have an opportunity to challenge or dispute the amount of losses claimed. The nature of the proceeding herein precluded defendant's ability to dispute the amount of loss; defendant must be provided the opportunity to accept or dispute the amount of loss before it may be imposed as part of the sentence. Because the amount declared due to the victim is collectible as a civil judgment, there is no basis to conclude the amount of restitution imposed should not be measured against the amount of loss incurred.

### III-VI*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed in all respects save and except the order of restitution. To the extent the order of restitution is inconsistent with this decision, it is reversed and the issue remanded.

Stone (Wm. A.), Acting P. J., and Gallagher, J.,† concurred.

A petition for a rehearing was denied February 2, 1989, and appellant's petition for review by the Supreme Court was denied April 4, 1989.

---

* See footnote, *ante,* page 1544.
† Assigned by the Chairperson of the Judicial Council.