[No. B031345. Second Dist., Div. Six. Feb. 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY ALAN WILLIAMS, Defendant and Appellant.

**COUNSEL**

Howard J. Stechel, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—Jeffrey Alan Williams drove his pickup truck into Delores Rodarte's car while he was being pursued by sheriff's deputies. Rodarte's insurance company partially compensated her for the cost of the injuries sustained in the incident. May the trial court order Williams to pay restitution to the insurer? We hold it may not.

Government Code section 13967, subdivision (c) provides that restitution be paid to the victim of the crime. An insurer does not become a victim because it compensated an insured person who is injured by criminal conduct. The trial court in this criminal proceeding was without jurisdiction to affix civil liability.

## FACTS

Williams entered a plea of nolo contendere to one count of robbery. Another count alleging bodily injury was dismissed with prejudice. When the plea was taken, Williams agreed that he might be ordered to pay restitution to the victim involved in the count that was dismissed.

The probation report recounted that Williams fled in his pickup truck after robbing a liquor store in Ventura. While being pursued by a sheriff's vehicle, Williams collided with an automobile driven by Delores Rodarte. Rodarte was injured and incurred damages for medical care and car repairs. The probation report stated that Rodarte's insurer, Allstate Insurance, paid Rodarte the sum of $1,416 for car repairs and for medical costs pursuant to her uninsured motorist coverage.

The trial court sentenced Williams to five years for the robbery offense, and then suspended criminal proceedings after finding that Williams was addicted to narcotics. Williams was remanded to the California Rehabilitation Center. The trial court also required Williams to pay a restitution fine of $334 to the State Restitution Fund (Pen. Code, § 1202.4), to pay to Rodarte restitution of $250 (the amount of the deductible on her collision insurance), and to pay Allstate Insurance the sum of $1,416.

Williams appeals the portion of the order requiring him to pay restitution to Allstate Insurance on the grounds that the order is improper and exceeds the jurisdiction of the court.

## DISCUSSION

■ Williams argues that the statute authorizing restitution requires payment to the victim, not to a third party. We agree.

Government Code section 13967, subdivision (c) provides in part that "[i]n cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the Court shall order restitution to be paid to the *victim.*" (Italics added.)

The Legislature has defined "victim," for the purposes of restitution, as any of the following residents of California: a person who sustained injury as a direct result of a crime; anyone legally dependent for support upon that person; certain family members or close relations of the victim; and in the event that the crime resulted in death, any individual who assumes the deceased's medical or burial costs either because of legal obligation or voluntarily. (Gov. Code, § 13960, subd. (a).) Allstate Insurance meets none of these definitions.

■ Restitution serves the dual purpose of rehabilitating the offender and deterring future criminal conduct. (*People* v. *Goss* (1980) 109 Cal.App.3d 443, 460 [167 Cal.Rptr. 224].) When appropriately imposed, restitution "may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole." (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].) ■ The trial court's restitution order here makes Allstate Insurance whole, not the victim of the crime.

The People argue that Allstate Insurance is the functional equivalent of a "victim" because it recompensed Rodarte for losses caused by Williams's criminal conduct. This overlooks the contractual nature of Allstate's obligations to Rodarte, who was entitled to compensation because of premiums she paid to her insurer. That Allstate made good on its obligation does not make it the victim of a crime.

The People analogize Allstate's position to that of an apartment building owner who does not live in the building but whose property is damaged by an arsonist, or to that of a corporate owner of a bank whose branch has

been robbed. These situations are distinguishable. The apartment building owner and the corporate bank owner have ownership interests in the damaged or stolen property, and thus are victims of the respective crimes. Here Rodarte, not Allstate Insurance, had a possessory interest in the damaged car and had to seek medical treatment as a result of the incident.

■ Furthermore, the trial court was without authority to order restitution to Rodarte for funds already paid to her by Allstate. A restitution order under Government Code section 13967, subdivision (c) may not exceed the victim's losses, defined as "any expenses for which the victim has not and will not be reimbursed from any other source." (Gov. Code, § 13960, subd. (d).)

This restitution order is in effect a civil judgment for damages against Williams, payable to Allstate on a subrogation theory. (See *Liberty Mut. Fire Ins. Co.* v. *Auto Spring Supply Co.* (1976) 59 Cal.App.3d 860, 864 [131 Cal.Rptr. 211].) Whether Allstate is entitled to such damages is not a matter over which the trial court had jurisdiction. "[C]ivil liability cannot be a function of restitution in a criminal case." (*People* v. *Richards, supra,* 17 Cal.3d at p. 620.) The criminal judicial process should not be " ' ". . . used to supplement a civil suit or as a threat to coerce the payment of a civil liability and thus reduce the criminal court to a collection agency." ' (*People* v. *Williams* (1966) 247 Cal.App.2d 394, 405 [55 Cal.Rptr. 550], quoting from *State* v. *Scherr* (1960) 9 Wis.2d 418 [101 N.W.2d 77].)" (*In re Brian S.* (1982) 130 Cal.App.3d 523, 529 [181 Cal.Rptr. 778].)

■ Because the trial court's error was jurisdictional, we reject the People's argument that Williams waived the error by not raising it below. (*People* v. *Loera* (1984) 159 Cal.App.3d 992, 998 [206 Cal.Rptr. 60].)

■ The error is not fatal to the entire restitution order. (See *People* v. *Williams* (1966) 247 Cal.App.2d 409 [55 Cal.Rptr. 550].) Williams's contention, that the restitution order is void because it was imposed against him without trial and "in the absence of due process," is without merit. Williams was advised in the plea agreement that he might be ordered to pay restitution to Rodarte, and the court entered its order after considering the probation report and after a probation and sentencing hearing. This is all the process Williams was due. (*People* v. *Wyman* (1985) 166 Cal.App.3d 810, 815-816 [212 Cal.Rptr. 668].) Nor does it matter that Williams was not convicted for the conduct which caused the injuries to Rodarte. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

The portion of the restitution order requiring Williams to pay $1,416 to Allstate Insurance is vacated.

Stone (S. J.), P. J., and Abbe, J., concurred.