Filed 12/15/15  P. v. Williams CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALDEN REID WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B259136<br>(Super. Ct. No. 1312078)<br>(Santa Barbara County) |

A jury convicted Walden Reid Williams of two counts of grand theft (Pen. Code, §§ 484, 487) and two counts of sale of land without a public report (Bus. & Prof. Code, §§ 11022, subd. (a), 11023).  The jury also found true the special allegation that the amount of loss exceeded $200,000.  (Pen. Code, § 186.11.)  The trial court ordered restitution.

In the first appeal (*People v. Williams* (Dec. 3, 2013, B245317) [nonpub. opn.]), we affirmed the conviction, but remanded the matter for a reconsideration of the amount of restitution.  On remand, the trial court ordered restitution in the amount of $383,821 to one victim, $381,493 to a second victim, and $90,267 to a third victim.  The court ordered the amounts to bear interest.

We reduce the amount awarded to the first victim by $2,750.  We reduce the amount awarded to the second victim by $6,000.  In all other respects, we affirm.

FACTS

Williams owned a parcel of undeveloped real property in Santa Barbara County. He subdivided the parcel into 20-acre parcels. He installed a water well for agricultural use. The county informed him in writing that a permit was required to draw water for residential use. Williams did not obtain a residential water well permit. He sold three parcels by falsely representing to the buyers that they needed only to install back-flow valves in order to have water for residential use.

Williams sold one of the lots to Ronald Dewey and Judy Paulson (hereafter collectively "Dewey"), another lot to Brian Abel, and a third lot to Carolyn Walch. The trial court ordered Williams to pay restitution to his victims in the amount of $2,050,794. The court based the restitution order on the full amount of the purchase price plus expenses in obtaining a domestic water system. The record does not reflect whether the court held a hearing on the amount of restitution.

In our opinion on appeal, we stated that awarding the full purchase price of the parcels was a windfall to the owners. We remanded for the trial court to conduct a restitution hearing. (*People v. Williams*, *supra*, B245317.)

DISCUSSION

The trial court is required to order restitution in all cases in which a crime victim suffers a loss. (Cal. Const., art. I, § 28; Pen. Code, § 1202.4, subd. (f).) But the victim is only entitled to restitution for actual losses suffered. (*People v. Whisennand* (1995) 37 Cal.App.4th 1383, 1391.) Restitution is limited to the losses arising out of the criminal activity that formed the basis of the conviction. (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1050.) The trial court's restitution order is reviewed for an abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

Section 1202.4 does not require any particular kind of proof of the amount of restitution. (*People v. Gamelli* (2008) 161 Cal.App.4th 1539, 1542-1543.) Even the victim's bare, unverified statement of loss is sufficient to establish a prima facie showing of loss. (*Id.* at p. 1543.) Once the victim makes a prima facie showing, the burden shifts to the defendant to rebut the victim's statement of losses. (*Ibid.*)

Here the trial court accepted the victims' statement of loss. That was sufficient to shift the burden to Williams to rebut the victims' statement. Williams had the opportunity to submit such evidence, but he submitted none. Instead, on appeal, Williams relies on argument and speculation.

(a) Dewey

Williams argues Dewey's claim for electrical work includes electrical service to the entire house, not just the water well. He points out that a bill for $43,505 shows that a variety of conduits, boxes and trenches are involved. But he cites no evidence that those items are not needed for electrical service to a water well.

Williams points out that a different bill in the amount of $2,750 for electrical work expressly states, "No well electrical work included." That amount must be deducted from the restitution owed to Dewey.

Williams argues Walch claimed only $5,600 for the electrical connection to the well head. He claims that is a reasonable amount. But that is just for a connection to the well head. Walch's total claim for electrical work is $23,600. That is substantially less than the $86,000 claimed by Dewey. But Williams presents no evidence that their circumstances are similar.

Contrary to Williams's argument, Dewey is entitled to expenses caused by the delay in developing his property. Thus Dewey is entitled to interest on the money he borrowed as well as an increase in school fees that would not have been incurred.

Williams presents no evidence to rebut Dewey's statement of losses on travel expenses, geotechnical fees, revision of architectural plans or maintenance and depreciation.

Nor is there any reason why the trial court cannot award restitution for prospective damages such as asphalt work to be completed in the future. Williams argues the damages must be actual. But damages to be incurred in the future are actual. For example, it is axiomatic that the victim who is physically injured is allowed compensation for future medical treatment.

3

Williams argues Dewey's legal costs in prosecuting a civil case should be reduced because there was a codefendant. But Williams cites no evidence that prosecuting the case against the codefendant substantially increased Dewey's legal costs.

(b) Abel

Williams raises many of the same arguments with respect to Abel's claims. There is no need to repeat our discussion of those issues. In addition, Williams complains that some of the costs claimed are estimates. But all a victim need provide is an unverified statement of loss. (*People v. Gemelli*, *supra*, 161 Cal.App.4th at p. 1543.) There is no reason why such a statement cannot include estimates. If the estimates are not reasonable, Williams had the opportunity to submit his own estimates. He did not do so.

Finally, one item of Abel's claim must be eliminated. Abel claimed $6,000 for property appraisal and loan fees. Those items would have had to be paid in any event.

(c) Walch

Williams contends Walch's claim for $17,000, described as "portion of electricity and telephone installation (PG&E/Verizon)" is ambiguous. Williams argues it might involve electrical and telephone service to the residence. But the claim says "portion." Williams cites no evidence that it is not the portion related to the water well.

The restitution due to Dewey is reduced by $2,750. The restitution due to Abel is reduced by $6,000. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Tita Nguyen, Deputy Attorney General, for Plaintiff and Respondent.