Filed 3/29/16  P. v. McLaughlin CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B257566 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA075909) |
| v. | |
| MICHAEL McLAUGHLIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Steven R. Van Sicklen, Judge.  Affirmed and remanded with directions.

Law Offices of Steven Graff Levine and Steven Graff Levine for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Ana R. Duarte and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is the second appeal stemming from the trial court's order of a restitution award against appellant Michael McLaughlin. In our prior opinion (*People v. McLaughlin* (Feb. 25, 2014, B242588) [nonpub. opn.]), we remanded the matter for a new restitution hearing. Appellant now challenges two portions of the new restitution order—that he liquidate his private retirement accounts and pay interest on certain medical bills. We agree with appellant that the trial court erred in making such rulings and we order them stricken from the restitution order. However, we remand the matter for a new hearing on the issue of whether appellant's individual retirement account may be subject to levy.

## BACKGROUND

As set forth in our prior opinion, on June 21, 2009, when appellant was 29 years old, he tackled Kimberly Keeler (the victim) outside a bar in Manhattan Beach while he was heavily intoxicated. (*People v. McLaughlin*, B242588, at p. 2.) He was initially charged with misdemeanor battery, but was later charged with felony assault and felony battery after it was discovered the victim's injuries were more serious than originally thought. Appellant ultimately entered into a plea bargain, pursuant to which he has completed six months of an anger management program, attended 60 Alcoholics' Anonymous meetings, performed 100 hours of community service, and paid more than $100,000 in victim restitution.

At the first restitution hearing, held on April 27, 2012, the trial court ordered appellant to pay a total of $310,645.10 in direct victim restitution, including medical expenses, lost wages, interest and attorney fees, minus the amounts already paid. (*People v. McLaughlin,* B242588, at p. 4.) On May 11, 2012, appellant was sentenced to a misdemeanor battery; the felony assault charge was dismissed; and appellant was placed on summary probation for a period of three years. (*Ibid.*)

Appellant appealed from this restitution order. In our prior opinion, we agreed with appellant that the trial court abused its discretion by ordering him to pay the victim lost income as a massage therapist in an excessive amount, by setting the date for the

accrual of interest as the date of injury, and by ordering that the victim be paid first.  We remanded the matter for a new restitution hearing.

The new restitution hearing took place on June 20, 2014.  The trial court ordered total restitution of $168,763, which excluded amounts already paid by appellant, and ordered appellant to make monthly payments of $2,500 to the victim.  Appellant now appeals from the new restitution order, challenging two portions of the order.

## DISCUSSION

## I. Payment from Private Retirement Accounts

Appellant contends the trial court erred by requiring him to empty his two private retirement accounts "forthwith."  Appellant bases his claim of error on two separate grounds—he was not given fair notice that such an order would be made, and such an order is prohibited as a matter of law.

### A. Relevant Proceedings

At the new restitution hearing on June 20, 2014, after going through several specific items of restitution, the trial court turned to the issue of the monthly payment to be made by appellant to the victim.  In arguing for an amount higher than the $2,500 ultimately awarded, the victim's attorney noted that "the probation officer two years ago also said that the defendant had access to funds in two retirement accounts."  The court asked what was in the accounts, and the victim's attorney responded:  "Two years ago when he filled out the [Judicial Council Form] CR-115, he had $37,000 in one 401(k) and in the [IRA] Fidelity account he had $33,000.  So presumably those [amounts] have increased since then."[1]  The court stated:  "As painful as it might be, . . . this money that is liquid[,] that could go to the victim."  Appellant's attorney responded that appellant had already paid the victim $150,000, and that "what we're here to do is the monthly restitution order."

The trial court then stated:  "I'm going to order the $2,500 a month and order the 401(k) and IRA accounts be liquidated and paid forthwith to [the victim].  And that will

---

[1]      Question 14 on the CR-115 form is entitled "ASSETS" and states:  "List all other assets, including stocks, bond, mutual funds, and other securities (specify):  . . . "

3

be a condition of probation." Appellant's attorney stated: "Just so the record is clear . . . . [¶] . . . I also believe that now that we have a plea in this case, . . . we're not in pretrial or in a plea-bargaining stage, that the court does not have the authority when we're here for a monthly ability-to-pay order to force my client to liquidate with penalties and interest, you know, his 401(k) and his retirement account." The trial court asked for authority, stating, "I don't want to be wrong." Appellant's attorney responded that he would try to get something to the court before expiration of the time to appeal, and added, "But as my understanding goes . . . I don't think the court has the authority to tell my client—because there's a payment penalty. So whatever is in his account, he's going to have to lose. And the court's basically taking—this is not what we're here for today. We're here . . . today to have a monthly ability-to-pay order. That's all—that's all I thought we were here for."

The trial court stated: "So I think an IRA or 401(k), it may be different. I know like the [O.J.] Simpson case. He had a pension; couldn't touch it. So that may be the law in this area, but I don't know . . . . [¶] . . . And I understand there may be fees and penalties. I said it may be painful to do this. But he has a legal obligation to pay the victim in this case this amount of money. He's got $66,000 approximately in an account, obviously subject to other issues, taxes and other things." Appellant's attorney then repeated that he planned to appeal the issue.

### B. *No Forfeiture of Issue*

The People argue that appellant has forfeited his challenge to the trial court's order that he liquidate his retirement accounts because he failed to make timely specific objections at the restitution hearing on the grounds now advanced on appeal. The above description of the proceedings establishes there is no merit to this argument. While appellant's attorney may not have used the specific word "object," he made clear he did not believe the trial court had authority to order the liquidation of appellant's retirement accounts, and he also made clear that he was going to appeal the court's ruling. Where, as here, appellant's attorney was blindsided by the issue at the hearing, his bringing the

4

claimed error to the trial court's attention at the hearing without specific authority was sufficient to preserve the issue for appeal.

### C. Appellant was Entitled to Fair Notice

We agree with appellant that he was entitled to fair notice that the trial court was considering the drastic step of requiring him to liquidate his retirement accounts as a condition of probation. In *People v. Sandoval* (1989) 206 Cal.App.3d 1544 (*Sandoval*), the reviewing court repeated the rule that "[a] defendant must be afforded a reasonable opportunity to be heard on the issue of restitution." (*Id*. at p. 1550.) This is so because "'when restitution to the victim is imposed as a condition of probation, failure to make restitution as ordered by the court is a violation of probation which can result in the incarceration of a defendant.'" (*Id*. at p. 1549.) In *Sandoval*, the probation report indicated that the defendant had caused more than $4,000 in damages to property of Southern California Edison (SCE), yet only recommended that he be ordered to pay $1,000 to the State Restitution Fund. "Thus, when asked at the sentencing hearing if he wanted 'to address the report and recommendation,' defendant had no reason to contest the amount of damages claimed or to expect such an assessment." (*Sandoval*, *supra*, at p. 1550.) The *Sandoval* court held the trial court's "unexpected order" that the defendant pay $4,000 to SCE denied him a reasonable opportunity to contest the accuracy of the amount of damages claimed. Therefore, the order for restitution to the victim was reversed and the matter was remanded to allow the defendant an opportunity to be heard on the issue. (*Ibid.*)

Likewise here, appellant was given no notice that the trial court would order him to empty his retirement accounts (which would necessarily include costs and penalties) to pay the criminal restitution. The victim's restitution briefs filed before the hearing did not mention the issue; according to appellant, the probation report made no such recommendation; and both appellant's attorney and the trial court stated at the restitution hearing that the scope of the hearing was to set a monthly restitution payment. Like *Sandoval*, we find the trial court erred in issuing such an unexpected order in the absence

5

of fair notice to appellant. However, we remand the matter for the reason discussed below.

### D. The Trial Court Partially Erred on the Merits

Appellant asserts that his 401(k) and Fidelity rollover IRA are employer-sponsored private retirement plans. The People do not dispute this. It is well established in civil matters that both private and public retirement plans are exempt from levy, except when "sought to be applied to the satisfaction of a judgment for child, family, or spousal support." (Code Civ. Proc., §§ 704.115, subds. (b) & (c), 704.110, subds. (b) & (c).)

In *Board of Retirement v. Superior Court* (2002) 101 Cal.App.4th 1062, Division Six of this court applied the civil rules to a criminal case, by holding that a defendant's public retirement benefits were not subject to levy by the victim awarded a criminal restitution award. In reaching its conclusion, the court stated: "The Legislature contemplated that restitution orders would be subject to the same exemptions generally applicable to civil judgments. Statutes provide that a restitution order shall be enforceable as if it were a civil judgment. (Pen. Code, §§ 1202.4, subds. (a)(3)(B) & (i), 1214, subd. (b).) When the Legislature wanted a particular exemption to be inapplicable to restitution orders, it expressly said so." (*Board of Retirement v. Superior Court, supra,* at p. 1071.)

Because Code of Civil Procedure section 704.115 (governing private retirement funds) and Code of Civil Procedure section 704.110 (governing public retirement funds) contain the same exception—amounts can only be levied when "applied to the satisfaction of a judgment for child, family or spousal support"—the same reasoning in *Board of Retirement v. Superior Court, supra,* 101 Cal.App.4th 1062, applies here with respect to appellant's private retirement plan (his 401(k)). Indeed, the People do not argue otherwise. The People merely take the position that if appellant did not want his retirement accounts to be emptied, he could have refused probation and served time in custody. But the June 20, 2014 hearing, at issue here was not a probation revocation or modification hearing; it was a second restitution hearing occurring two years after appellant was sentenced to probation and the terms of probation had been set, with the

exception of a monthly payment amount. Thus, the purpose of the hearing was essentially to set a monthly restitution payment. At two years into a three-year probation, appellant was in full compliance with the terms of probation that had been set two years earlier, including having already paid the victim well over $100,000. There was no reason for appellant to "refuse" probation at this point. Nor do the People cite any authority allowing the trial court to impose a new condition of probation under the circumstances here. We conclude that as a matter of law appellant's private 401(k) retirement account is not subject to levy as part of the restitution owed to the victim.

With respect to appellant's Fidelity rollover IRA, we note that Code of Civil Procedure section 704.115 contains an exception to levy that Code of Civil Procedure section 704.110 does not. Subsection (e) of Code of Civil Procedure section 704.115 provides: "Notwithstanding subdivisions (b) and (d), except as provided in subdivision (f), the amounts described in paragraph (3) of subdivision (a) [individual retirement accounts[2]] are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires. In determining the amount to be exempt under this subdivision, the court shall allow the judgment debtor such additional amount as is necessary to pay any federal and state income taxes payable as a result of the applying of an amount described in paragraph (3) of subdivision (a) to the satisfaction of the money judgment."

Here, there was no finding by the trial court of whether appellant's Fidelity rollover IRA satisfied the requirements of Code of Civil Procedure section 704.115,

---

[2]     Code of Civil Procedure section 704.115, subdivision (a)(3) provides: "Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code."

subdivision (a)(3), and, if so, to what extent, if any, his IRA was subject to levy. These are factual findings to be made by the trial court. (See *Gonzalez v. Davis* (9th Cir. 2005) 323 B.R. 732, 735–736.) The matter is therefore remanded for a new hearing on these issues.

## II. Error in Awarding Interest

Appellant asserts that as part of the victim's civil settlement with him and two other joint tortfeasors (in which she received $125,000 from appellant plus $200,000 from the others), the victim's civil attorney obtained an insurance check that was used to fully pay off certain medical bills totaling $40,000 to Harbor-UCLA, Medi-Cal and Medicare. The victim's attorney argued the victim should be entitled to receive interest on the paid bills because the victim lost use of the money that she could have spent on something else, like living expenses. The trial court agreed and ordered appellant to pay interest on these bills at 10 percent per annum, or $4,000 per year.

We agree with appellant that it is unclear how the victim lost use of the money. There was no evidence, for example, that appellant would have received a higher settlement amount but for the paid off bills.

Additionally, Penal Code section 1202.4, subdivision (f)(3) provides that the restitution order "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss *incurred* as the result of the defendant's criminal conduct." (Italics added.) The situation here did not involve unpaid medical bills that were continuing to accrue interest; the bills were paid in full. To allow the victim to receive amounts in the form of interest that were never charged by or paid to the medical providers would constitute a pure windfall to her. As stated in *People v. Millard* (2009) 175 Cal.App.4th 7, 27: "To 'fully reimburse' the victim for medical expenses means to reimburse him or her for all out-of-pocket expenses actually paid by the victim or others on the victim's behalf (e.g., the victim's insurance company). The concept of 'reimbursement' of medical expenses generally does not support inclusion of amounts of medical bills in excess of those amounts accepted by medical providers as payment in full." Because the medical bills were paid in full, the trial court erred in

ordering appellant to pay the victim interest on these bills.  This part of the restitution order is stricken.

## DISPOSITION

Those portions of the restitution order of June 20, 2014, ordering appellant to liquidate his private 401(k) retirement plan and to pay the victim interest on the medical bills to Harbor-UCLA, Medi-Cal and Medicare are stricken.  The matter is remanded for a new hearing on the issue of whether appellant's Fidelity rollover IRA is subject to levy and to what extent under Code of Civil Procedure section 704.115, subdivision (e).  In all other respects, the restitution order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
          BOREN


_____, J.
          HOFFSTADT

9