[No. E018912. Fourth Dist., Div. Two. July 16, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE F. DALVITO, Defendant and Appellant.

**COUNSEL**

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHLI, J.**—Defendant contends on appeal that: (1) The court erred in awarding $15,950 in restitution to the victim for a stolen diamond necklace, because the victim's loss (the amount he owed on the necklace) had been discharged in bankruptcy. Therefore, there was no loss, and the restitution award must be reduced by $15,950 in accordance with Penal Code section 1202.4;[1] and (2) even if section 1202.4 does not apply and restitution in this case is governed by the provisions of section 1203.04, this court should reduce the award by $15,950 because the trial court abused its discretion in awarding a windfall to the victim.

As explained below, we disagree and affirm.

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the facts relevant to the specific item of restitution that is the subject of defendant's appeal. Defendant went with Samuel Dorf, a jewelry dealer, to Gonshor's Jewelry in Los Angeles in May 1994. Defendant wished to purchase a necklace for his girlfriend, and Dorf agreed to obtain a necklace on approval, using his professional contacts. Dorf signed a memorandum and gave Gonshor's a check for $15,950, the wholesale price for the necklace. Defendant agreed to pay Dorf $19,948 for the necklace after he showed it to his girlfriend. The two returned to Dorf's home in Rancho Mirage, and defendant spent the night there. In the morning, Dorf found defendant was gone. He also found that the necklace and some other jewelry he had in his home were missing. Dorf never received any money from defendant.

Dorf put a stop payment on the check he had written to Gonshor's. Gonshor's later sued Dorf and obtained a judgment for the amount of the check. Dorf subsequently declared bankruptcy, and Gonshor's judgment against him was discharged on May 27, 1995.

On December 29, 1995, the District Attorney of Riverside County filed an amended information charging defendant with obtaining property by false pretense in violation of section 532, subdivision (a) in counts I through IV and with grand theft in violation of section 487, subdivision (a) in count V.[2]

On January 29, 1996, defendant pleaded guilty to counts I and II and agreed to pay $3,000 and $2,400, respectively, in restitution for those counts. Count III was dismissed, and court IV was dismissed pursuant to a civil compromise. Count V was dismissed with a *Harvey* waiver.[3] A restitution hearing was set for determining the amount of restitution on that count. On the same day he pleaded guilty, defendant waived probation referral and was granted three years' formal probation. One of the conditions of his probation was the previously ordered restitution, and another was the additional restitution to be determined at the restitution hearing.

Following the restitution hearing, defendant was ordered to pay victim Samuel Dorf $21,775 restitution, which included $15,950 for the stolen necklace. He filed a notice of appeal on July 24, 1996.

---

[2]There were other schemes involving other victims. The offense against Dorf was described in count V.

[3]*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] (absent a contrary agreement, defendant should not suffer adverse sentencing consequences by reason of facts pertaining to a dismissed count).

## DISCUSSION

Defendant contends the trial court erred by awarding the $15,950 for the necklace in restitution to Dorf, since the judgment the jeweler obtained against Dorf for that amount was dismissed in bankruptcy. Thus Dorf suffered no actual loss. Defendant urges this court to assess defendant's claim under section 1202.4, which was enacted after defendant committed the offense on May 26, 1994, but before his restitution hearing on July 22, 1996.[4] Defendant asserts that section 1202.4 requires the victim to have suffered an economic loss, and therefore it eliminates his obligation to pay restitution for the necklace.

At the time of defendant's offense, section 1203.04 governed awards of victim restitution in cases where probation was granted. The version in effect at the time of defendant's offense read as follows in pertinent part: "(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution as follows: [¶] (1) To the victim, if the crime involved a victim. . . . [¶] . . . [¶] (b) If the court finds, and states its reasons for the finding on the record, that there are compelling and extraordinary reasons why restitution should not be required as provided in subdivision (a), the court shall require . . . community service. [¶] . . . [¶] (d) For purposes of paragraph (1) of subdivision (a), 'restitution' means full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible. . . ." (Stats. 1992, ch. 682, § 5.)

At the time of defendant's restitution hearing in July 1996 on the dismissed count, section 1203.04 had been repealed, and the 1995 version of section 1202.4 governed restitution in cases where probation was granted. (Stats. 1995, ch. 313, § 5.) Defendant emphasizes that section 1202.4, subdivision (f), provides for restitution when "a victim has suffered economic loss as a result of the

---

[4]The version of section 1202.4 that was in effect at the time of defendant's restitution hearing became effective on August 3, 1995. (Stats. 1995, ch. 313, § 5, No. 5.)

defendant's conduct." (§ 1202.4, subd. (f).)[5] Since there is no saving clause in section 1202.4, defendant claims he is entitled to the amelioration contained in the statute, and that he should not be obliged to pay restitution for the amount Dorf paid for the necklace, since Dorf never paid it.

We find the restitution order violates neither former section 1203.04 nor former section 1202.4, which contains the same language as current section 1202.4, although in different subsections. There are no ameliorative provisions in the newer statutes that affect defendant's obligation. We also find the trial court did not abuse its discretion in awarding restitution of $15,950 for the necklace to victim Dorf.

There is no question that Dorf was the victim of defendant's theft of the necklace and that Dorf suffered an economic loss in a determined amount. (Stats. 1995, ch. 313, § 5.) Defendant stole a necklace from Dorf, for which Dorf paid $15,950, and that is the measure of the economic loss by Dorf. (*Ibid.*) The restitution for this amount was ordered as part of defendant's criminal penalties. Whatever actions were taken by the victim of defendant's crime in civil courts in order to mitigate the damage caused by defendant cannot be a subject for our interference. Under section 1202.4 the amount of restitution shall not be affected by the indemnification or subrogation rights of any third party. (Stats. 1995, ch. 313, § 5.)

If defendant had not stolen the necklace for which Dorf owed $15,950, then perhaps Dorf would not have been obliged to seek refuge in the bankruptcy laws. Dorf has had his debt to the jeweler for $15,950 discharged, but he suffered the consequences of that action. Defendant's obligation to make restitution should not be predicated on whether a victim has sought relief.

---

[5]The current version of section 1202.4, subdivision (f), contains the same phrase as its predecessor. The version of section 1202.4 in effect at the time of defendant's restitution hearing stated in pertinent part: "(a)(1) It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime. [¶] . . . [¶] (f) In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims. . . . [¶] (g) Restitution ordered pursuant to subdivision (f) shall be imposed in the amount of the losses, as determined. The court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record. Determination of the amount of restitution ordered pursuant to this section shall not be affected by the indemnification or subrogation rights of third parties. Restitution shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim or victims, for every determined economic loss incurred as the result of the defendant's criminal conduct, including all of the following: [¶] (1) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible. . . ." (Stats. 1995, ch. 313, § 5.)

Respondent suggests we award restitution of the $15,950 to Mr. Gonshor the jeweler instead. Once again, we would view this as an attempt to resolve civil liabilities through the criminal courts. (See *People* v. *Whisenand* (1995) 37 Cal.App.4th 1383, 1391 [44 Cal.Rptr.2d 501].) The criminal courts must not be reduced to acting as a collection agency. (*In re Brian S.* (1982) 130 Cal.App.3d 523, 529 [181 Cal.Rptr. 778].)

When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court. (*People* v. *Whisenand*, *supra*, 37 Cal.App.4th 1383, 1391.) Here the factual and rational bases are clearly within the purposes of criminal restitution, i.e., providing compensation to victims and promoting rehabilitation of the offender. (*People* v. *Whisenand*, *supra*, at p. 1390.)

Defendant argues, however, that Dorf will receive a windfall, and that "[i]t cannot serve a rehabilitative purpose to provide a windfall to someone who has already been made whole. Such awards cannot be expected to reform criminal conduct or discourage future criminal activity, where defendants see the law itself condones the unjust enrichment it condemns in their behavior." First of all, we cannot say Dorf has been made whole merely because he was obliged to file for bankruptcy. We would not characterize it as a "double recovery" as defendant claims. Secondly, defendant does not mention the windfall he would receive if relieved of the obligation to pay for the stolen necklace. Finally, we believe it would be an anomaly to create a scheme under which a defendant's responsibility to make restitution for property he has stolen would depend on whether or not the victim had chosen or been obliged to seek shelter in the ignominy of bankruptcy before the restitution hearing.

Accordingly, we uphold the trial court's restitution order in full. We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 12, 1997.