Filed 3/5/13  P. v. Tucker CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK TUCKER,<br><br>        Defendant and Appellant. | B240236<br>(Los Angeles County<br>Super. Ct. No. BA353803) |

        APPEAL from orders of the Superior Court of Los Angeles County,
William N. Sterling, Judge.  Affirmed.

        Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and
Appellant.

        No appearance for Plaintiff and Respondent.

_____

This is an appeal from the trial court's restitution orders following defendant Frederick Tucker's no contest plea. His plea was the subject of an earlier appeal, case No. B237866, which was dismissed by this court for failure to obtain a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b).) Defendant's appellate counsel has asked this court to take judicial notice of the record in that case for purposes of determining the procedural history and facts underlying defendant's conviction. We grant the motion and take judicial notice of the appellate record in defendant's earlier appeal. (Evid. Code, § 452.)

According to the preliminary hearing transcript, defendant made various misrepresentations to induce consumers to refinance their homes. He collected application and appraisal fees, and had customers sign cancellation agreements, requiring them to pay a fee to his company in the event that the customer did not proceed with the loan. Customers cancelled loan applications when the loans were not timely processed, or when it was discovered that the loans' actual terms differed from what was promised by defendant. Defendant and his company then sued customers to collect the cancellation fees. All of this was done in violation of a permanent injunction obtained by the Los Angeles County District Attorney's Office on June 22, 2000, prohibiting defendant from engaging in this kind of conduct.

On July 14, 2010, defendant was charged by an 17-count amended information[1] with grand theft (Pen. Code, § 487, subd. (a); counts 1-3, 6-10, 18) and attempted grand theft (Pen. Code, §§ 664, 487, subd. (a); counts 5, 11-17). On May 24, 2011, defendant withdrew his not guilty plea and pled no contest with a *Harvey*[2] waiver to three additional counts, which were added to the information by interlineation, for felony violations of Business and Professions Code section 17511.9 (counts 19-21). Defendant was sentenced to five years formal probation, 270 days in jail, and was ordered to make

---

[1]    There is no count 4 in the amended information.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

victim restitution under Penal Code section 1202.4, subdivision (f).[3] The remaining counts were dismissed. Defendant tendered $19,000 at the sentencing hearing to be distributed to his victims. A restitution hearing was calendared for January 18, 2012.

The restitution hearing was held on January 20 and 27, 2012. Kimberley Erwin, the victim (along with her husband James Erwin) in count 11 of the amended information, testified that she and her husband wanted to refinance their home to lower their monthly payment, and to pull out $25,000 in equity. Defendant met with them at their home and provided the Erwins with a quote that met these goals. The Erwins paid defendant $169 for a credit check and at least $300 for an appraisal of their home, which were required to begin processing their loan. They also signed a cancellation agreement, agreeing to pay FiFed Credit Corporation (FiFed) $1,850 if the Erwins cancelled the loan application.

The appraisal was completed by Hook and Associates, and the appraisal report was sent directly to FiFed. Neither Hook nor FiFed would give a copy of the report to the Erwins.

The Erwins later learned that their loan was approved, but the monthly payment was higher than their current payment, as was the interest rate, and they would not get any of the $25,000 in equity. The terms of the approved loan were different from those represented by defendant, so the Erwins did not accept the loan.

The Erwins were later sued by a collection agency, seeking $3,000 for the loan cancellation fee. They incurred $9,725.65 in attorney fees and costs defending the lawsuit, which was ultimately dismissed. The attorney fee statements were admitted into evidence over defendant's objection.

Finding the attorney fees and costs were reasonable, the court ordered restitution of $10,194.65 for the Erwins.

---

[3] Under the *Harvey* waiver, defendant was responsible for paying restitution on the dismissed counts.

Isiah Smays, the victim in count 13 of the amended information, testified that he sought a refinance loan from defendant. His home was part of his estranged wife's bankruptcy estate, and he needed money to avoid losing his home to the bankruptcy court. Smays paid defendant a $169 application fee and $350 for an appraisal. The loan never was funded, notwithstanding FiFed's representation that the loan had been approved. Therefore, his home was sold at auction. Smays was able to buy it back with money loaned to him by a friend. He paid the friend $2,000 in interest on the loan to buy back his home.

Smays was later sued by a collection agency for a cancellation fee related to the loan from FiFed. Smays filed a counterclaim against defendant for breach of contract and incurred fees for service of process, as well as other costs associated with the lawsuit, totaling $268.50. The lawsuit was ultimately dismissed.

The trial court ordered restitution of $787.50, but found that the $2,000 in interest paid to Smays's friend was not recoverable.

Defendant filed a timely notice of appeal, challenging the restitution orders. We appointed appellate counsel to represent him. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared that she advised defendant of his right to submit a supplemental brief. Defendant did not file a supplemental brief with this court.

Trial courts have broad discretion to order victim restitution and the order will not be reversed if there is a "factual and rational basis for the amount of restitution." (*People v. Dalvito* (1997) 56 Cal.App.4th 557, 562.) The court's discretion is not unlimited; an order will be reversed if it is arbitrary and capricious. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) In this case, the restitution orders are supported by substantial evidence, and the trial court did not abuse its discretion by requiring defendant to pay for the costs incurred as a result of his conduct.

4

We have examined the entire record, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm the orders.

## DISPOSITION

The orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.