Filed 10/23/13  P. v. Shute CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM CARROLL SHUTE,<br><br>    Defendant and Appellant. | A138259<br><br>(Napa County Super. Ct.<br>No. CR162624) |

Defendant William Carroll Shute pleaded no contest to misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and to misdemeanor petty theft (Pen. Code, § 484, subd. (a)).[1]  The trial court ordered defendant to pay $43.86 in restitution to Wal-Mart and, on appeal, defendant challenges the amount of restitution imposed.  We affirm the restitution order.

### BACKGROUND

On August 7, 2012, a criminal complaint was filed charging defendant in count one with felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and in count three with misdemeanor petty theft (§ 484, subd. (a)).[2]

---

[1] All further unspecified code sections refer to the Penal Code.

[2] A codefendant was charged in count one with felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and in count two

1

The facts, as set forth in the probation report, stated that on July 13, 2012, an Asset Protection Agent (the agent) at Wal-Mart detained defendant and his companion. The agent advised the police that defendant "had opened $43.86 worth of baseball cards and placed them in his pocket." The officer who arrived spoke to defendant and his companion and "recognized objective signs of drug use." The police found on defendant's companion a plastic Ziploc bag containing seven pills she claimed were "Xanax" and three small Ziploc bags containing suspected methamphetamine. The officer asked defendant if he had methamphetamine, and defendant provided a small Ziploc bag of methamphetamine, which was in his wallet, and two plastic bags of methamphetamine from his cigarette pack.

The officer read defendant his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant then told the officer that "he got bored and started to open baseball card packs, [and] put the cards in his pocket[;] he had no intention of paying for them." He also admitted that he bought three grams of methamphetamine for $300. Defendant and his companion were arrested.

At a hearing in the trial court on January 30, 2013, counsel advised the court that the prosecutor and defendant had "come to a resolution in this matter." After count 1 was reduced to a misdemeanor pursuant to section 17, subdivision (b), defendant pleaded no contest to misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor petty theft (§ 484, subd. (a)).

The probation officer filed the presentence report on March 1, 2013. The probation report indicated that a letter had been sent to Wal-Mart on February 8, 2013, advising Wal-Mart of its right to restitution. As of the date of this report, Wal-Mart had not responded. With regard to the value of the items defendant removed from Wal-Mart, the report stated: "The police report indicates the

with misdemeanor possession of a controlled substance (Health & Saf. Code, § 11375, subd. (b)(2)).

2

merchandise the defendant tampered with and attempted to steal was worth $43.86. Therefore, restitution will be determined in that amount."

The probation report recommended that imposition of sentence be suspended and that defendant be granted formal probation for three years with various terms and conditions. Condition number 27 provided that defendant was to pay $43.86 in restitution to Wal-Mart. Condition number 28 specified that defendant was to pay restitution to Wal-Mart "in an amount to be determined by the probation officer and the court . . . ."

The trial court held the sentencing hearing on March 1, 2013. Defense counsel cited probation condition number 27 in the probation report, and argued that $43.86 was "the correct amount of the property that was found on" defendant. Defense counsel argued that it was not clear whether Wal-Mart was "actually requesting that amount in restitution, because" Wal-Mart recovered the property at the scene. Counsel added that condition number 28 "allows for probation to contact Wal-Mart to find out if Wal-Mart is going to be requesting restitution, because the property was damaged or destroyed in some way that made it impossible to put it back on the shelf."

The court responded that the baseball cards had been opened. Defense counsel maintained that it might have been possible for Wal-Mart to repackage the cards and put them back on the shelf. Counsel stated that she did not believe that Wal-Mart actually wanted this amount of restitution and she asserted that she believed "the victim has to actually request restitution in order for it to be imposed."

The district attorney disagreed and asserted that "restitution can be placed on any rational basis." The prosecutor maintained that there was not any requirement that the victim had to make a specific request for restitution. The prosecutor declared, "If [Wal-Mart has] provided the information of what the damages are to the probation department, that's sufficient."

3

The court asked defense counsel: "Let me ask you, [counsel], if probation knows the amount, wouldn't that be basically an indication that that's what they would be requesting." Counsel answered: "Probation knows the amount of the property that was stolen. Wal-Mart has not contacted probation and said we are seeking this amount of restitution . . . ." Defense counsel explained: "Probation got this number by looking through the police report, which had [the] receipt for the amount of the property that was stolen, which is attached to every burglary case. But it doesn't necessarily mean it's the appropriate amount of restitution."

The probation officer interjected: "Probation doesn't get all the information exactly from Wal-Mart, but we have the amount. The cards were opened, and, generally, our understanding is that they can't be put back on the shelf."

The court stated that it was going to order restitution in the amount of $43.86 because it was a reasonable amount and "common sense" supported a finding that the items stolen could not be resold. Defense counsel stated that she objected, and the court noted the objection. The court proceeded to suspend imposition of sentence, and placed defendant on formal probation for three years with the conditions, among others, that he serve 30 days in county jail and pay $43.86 in restitution to Wal-Mart.

Defendant filed a timely notice of appeal

**DISCUSSION**

The sole issue on appeal is the order of restitution requiring defendant to pay Wal-Mart $43.86. With limited exceptions not applicable here, victim restitution shall be ordered "in every case in which a victim has suffered economic loss as a result of the defendant's conduct . . . ." (§ 1202.4, subd. (f).) The amount shall be "based on the amount of loss claimed by the victim or victims or any other showing to the court. . . ." (§ 1202.4, subd. (f).) The value of stolen property shall be the replacement cost of like property. (§ 1202.4, subd. (f)(3)(A).) A trial judge is given wide discretion in making a restitution award,

4

and we will affirm if there is a factual and rational basis for the amount of the award. (*People v. Dalvito* (1997) 56 Cal.App.4th 557, 562.)

Defendant argues that the record does not establish that $43.86 was the correct value for the baseball cards removed from Wal-Mart. The probation report did not specify whether this amount was the retail or wholesale price of the stolen merchandise and restitution, according to defendant, must be based on the wholesale cost. If $43.86 represents the retail price, defendant asserts that Wal-Mart received a windfall comprised of the difference between the wholesale and retail price. (See *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 ["A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall"].)

The People contend that defendant has forfeited this argument because defendant did not claim in the trial court that $43.86 was the retail value of the baseball cards. Defendant responds that he did not have to object because the award was "unauthorized by the [Penal] Code." (See *People v. Benton* (1979) 100 Cal.App.3d 92, 102 [trial court's sentence was not authorized under sections 667.5 and 1170.1 and appellate court concluded that it had a duty to remand for proper sentence once the mistake was brought to the court's attention].) Defendant also asserts that he objected to the restitution order on the basis that Wal-Mart might have suffered no loss and might have repackaged the cards, and this objection sufficiently preserved this issue for appeal.

Generally, to preserve a restitution issue for appellate review, the defendant must raise the objection in the trial court. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 755.) Our Supreme Court has "created a narrow exception to the [forfeiture] rule for ' "unauthorized sentences" or sentences entered in "excess of jurisdiction." ' [Citation.] Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation] they are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849,

852.)  No objection is necessary when "the errors present[] 'pure questions of law' [citation], and [are] ' "clear and correctable" independent of any factual issues presented by the record at sentencing.' "  (*Ibid.*)

Defendant's attempts to characterize his argument as an issue of law by claiming that the trial court had no discretion under the statute to order a restitution amount above the wholesale value lacks merit.  Here, the court clearly had the authority under section 1202.4—indeed, was required under the statute—to order restitution.  The question posed by this appeal is whether the sum of $43.86 reasonably reflects the "economic loss" suffered by Wal-Mart.

"The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive."  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)  Defendant thus had to object to the amount of restitution at the sentencing hearing; his failure to object on this basis forfeits any consideration of the issue on appeal.  (See *ibid.*)

Defendant argues that he objected to the amount of the restitution fine and therefore preserved the issue on appeal.  At the sentencing hearing, defendant objected to the sum of $43.86 on the basis that Wal-Mart might have repackaged the baseball cards and therefore might not have suffered any loss.  Defense counsel did not argue that $43.86 did not accurately reflect the value of the baseball cards.  To the contrary, at the sentencing hearing, defense counsel expressly stated that defendant was not challenging the determination that $43.86 represented the "correct amount of the property that was found" on defendant; defense counsel agreed that probation "knows the amount of the property that was stolen."  Since defendant did not object to the value placed on the baseball cards, the trial court properly accepted the amount recited in the probation report, and the prosecution did not have a reason to provide further evidence.  Accordingly, defendant has forfeited a claim that the fine might reflect the retail rather than the wholesale price of the cards.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 882.)

Furthermore, even if the forfeiture rule did not apply, defendant's argument fails on its merits. Defendant relies on *People v. Vournazos* (1988) 198 Cal.App.3d 948 when claiming that the probation report's assessment of the economic loss to Wal-Mart was insufficient. In *Vournazos,* the trial court ordered restitution based on the recommendation of the probation officer, which was based on the victim's statement of loss. (*Id.* at pp. 952-953.) The Court of Appeal recognized that ordinarily "a defendant bears the burden of proving that the amount of restitution claimed by the victim exceeds repair or replacement cost of lost or damaged property." (*Id.* at pp. 958-959.) It concluded, however, that the burden never shifted to defendant and the restitution order should be reversed because "[n]either the [property owner's] statement nor the testimony of the probation officer established that the sum claimed by [the victim] for loss of property was based on the replacement cost of the property." (*Ibid.*)

Subsequently, numerous courts have declined to follow *People v. Vournazos, supra,* 198 Cal.App.3d 948, and have concluded that the *Vournazos* court placed too high a burden on the prosecution, the court, and the victim. (See *People v. Foster* (1993) 14 Cal.App.4th 939, 946, superseded by statute on other grounds [property owner's statement in probation report about value of stolen property is prima facie evidence of value for restitution purposes]; see also *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 [victim made prima facie showing for restitution when probation officer's report and handwritten statement from victim listing economic losses was detailed and facially credible in explaining the costs of materials and labor for repair].) Courts have held that the trial court may rely on the information in the probation report to establish the victim's prima facie showing of economic losses, and the defendant has the burden of establishing that this amount was inaccurate. (See, e.g., e.g., *People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048 [the trial court is entitled to consider the probation report as well as factual evidence as to cost in the form of expert testimony at hearing; absent a challenge by the defendant, imposing the amount specified in the

7

probation report is not an abuse of discretion]; *People v. Collins* (2003) 111 Cal.App.4th 726, 634 [when the probation report includes a discussion of the victim's loss and a recommendation on the amount of restitution, the defendant must come forward with contrary information to challenge that amount]; *People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1406-1407 [probation report's discussion of victim's loss and recommendation constitutes prima facie evidence of loss]; *In re S.S.* (1995) 37 Cal.App.4th 543, 546-548 [when items, amounts, and sources of losses are identified in the probation report, defendant has burden of refuting them] *People v. Sexton* (1995) 33 Cal.App.4th 64, 70-71 [when probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount]; *People v. Hartley* (1984) 163 Cal.App.3d 126, 130, fn. 3, superseded by statute on another issue [since a defendant will learn of the amount of restitution recommended when he or she reviews the probation report prior to sentencing, the defendant bears the burden at the hearing of proving that amount exceeds the replacement or repair cost].)

We agree with the foregoing authority and conclude that the probation officer's report based on the police report provided prima facie evidence of the value of the baseball cards defendant removed from Wal-Mart.

Defendant also cites extensively our opinion *People v. Chappelone, supra,* 183 Cal.App.4th 1159, but this opinion does not help him. In *Chappelone,* the defendant stole a number of items from Target and the evidence showed that the bulk of the goods stolen "were unsellable because they were either damaged merchandise or clearance items withdrawn from the sales floor, [and] the retail price of these goods was not reflective of their value to Target." (*Id.* at p. 1173.) The defendants challenged, among other things, the trial court's restitution order based on the retail price of these items because Target had planned to donate this merchandise or take a tax write-off. (*Id.* at p. 1171.) We reversed the restitution order and concluded: "By failing to account for the fact that a majority of the

8

stolen merchandise was already damaged at the time of the theft—and thus destined for donation—the trial court awarded Target restitution for property that was of greater quality than that which defendants stole." (*Id.* at pp. 1176-1177.) We stressed that the products sold by Target were not unique and there was no evidence that Target lost any profit due to the defendants' theft. (*Id.* at p. 1180.)

*People v. Chappelone, supra,* 183 Cal.App.4th 1159 does not address the issue presented here. In the present case, defendant submitted no evidence that the baseball cards were damaged prior to defendant's removing them from their packaging. Defendant argued in the trial court that the baseball cards could be repackaged and sold but presented no evidence to support this assertion. Defendant also submitted *no* evidence to rebut the prima facie showing that $43.86 was the "economic loss" suffered by Wal-Mart.

Here, the probation report stated the value of the baseball cards was $43.86 and this was based on the police report that stated the value of Wal-Mart's merchandise stolen by defendant was $43.86. Since defendant did not present any evidence to rebut this prima facie showing, "an award of the amount specified in the probation report is not an abuse of discretion. [Citation.]" (*People v. Keichler, supra,* 129 Cal.App.4th at p. 1048.)

**DISPOSITION**

The restitution order is affirmed.

_____
Brick, J.*

We concur:

_____
Kline, P.J.

_____
Haerle, J.

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.