Filed 7/1/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307916 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA106567) |
| v. | |
| OBADIAH GRANDPIERRE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Lee Smerling, Judge. Affirmed as modified.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.

_____

Obadiah Grandpierre challenges the court's restitution order, which we affirm, with two modifications. References to statutes are to the Penal Code.

I

Grandpierre inflicted thousands of dollars of damage by stealing Shawn Vessels's identity.

Police saw Grandpierre at an ATM while a codefendant sat in Grandpierre's running car. Police found $2,480 in cash and 16 debit cards on Grandpierre. They found one credit card reader in the car and another in the codefendant's hotel room. The codefendant is not a party to this appeal.

A felony complaint alleged Grandpierre and the codefendant committed two counts of identity theft (§ 530.5, subd. (a)) and one count of forgery of an access card (§ 484f, subd. (a)). One identity theft count alleged the defendants used personal identifying information about Vessels for an unlawful purpose.

Grandpierre pleaded no contest to the three counts. The court suspended imposition of the sentence and ordered three years of formal probation.

The court held a restitution hearing on September 10, 2020.

At the restitution hearing, Vessels testified about the crime's impact. Vessels owned 30 percent of a company called Electrical Advantage Engineering ("Engineering"). He sought restitution for himself and the company.

Ultimately, the court awarded restitution for 19 hours of lost time. The question in this case is whether and how to put a dollar value on this lost time. We describe this lost time in more detail.

There was a 12-hour portion and a different seven-hour portion.

Vessels spent 12 hours on the phone dealing with issues related to this case involving his credit and his business phone number. These were "business hours." "[T]he time spent would have been billable hours, had [he] been able to focus on [his] business instead of dealing with this." Vessels bills clients $195 per hour. The company lost $2,340, 12 hours multiplied by $195. Vessels ultimately worked these 12 hours outside usual work hours.

Later in the hearing, Vessels said, "honestly, there was more than 12 hours spent on this. That was just during business hours. I probably spent closer to 30 hours dealing with a variety of agencies and things."

We now come to the seven-hour portion.

Separate from the loss to Engineering, Vessels claimed personal loss. He used one sick day. That day was worth $420, seven hours multiplied by $60.

Grandpierre disputed the restitution to Engineering because Vessels testified he ultimately worked the 12 hours. Grandpierre argued Engineering must have billed the 12 hours when Vessels performed the work outside usual work hours, so the company did not lose $2,340.

The trial court responded to Grandpierre's argument by saying Vessels "was greatly inconvenienced." Grandpierre said, "I don't doubt that, but the value of his inconvenience is not 195 an hour." The court explained, "Arguably. But the time he worked off hours, he could have been doing other things. He could have been billing for other people." The prosecution said

3

Vessels was "still losing time, and time is valuable to him, and that's his company's loss."

The trial court orally granted Vessels's full request: $420 to Vessels for the seven hours and $*2,340* to Engineering for the 12 hours. The minute order incorrectly lists the amount to Engineering as $*2,760*.

Grandpierre appeals the 12-hour restitution award to Engineering. He does not challenge the seven-hour $420 award to Vessels.

## II

The trial court's restitution award was not an abuse of discretion.

## A

The California Constitution requires courts to order restitution in every case in which a crime victim suffers a loss. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Statutory provisions implement this constitutional directive. Restitution is "based on the amount of loss" the victim claims and should "fully reimburse" the victim for every *economic loss* the defendant's criminal conduct caused. (§ 1202.4, subd. (f).) A corporation, partnership, or other commercial entity is entitled to restitution if it is a direct victim of a crime. (*Id.*, subd. (k)(2).) Lost wages or lost profits due to a victim's injury are compensable. (*Id.*, subd. (f)(3)(D).) Expenses to make a victim of identity theft whole are also compensable. (*Id.*, subd. (f)(3)(L).)

Courts have liberally construed victims' right to restitution. (*People v. Stanley* (2012) 54 Cal.4th 734, 737.) We expansively interpret the meaning of "economic loss." (*In re Alexander A.* (2011) 192 Cal.App.4th 847, 854, fn. 4.)

4

The standard of proof at a restitution hearing is preponderance of the evidence. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) A victim's statement of economic loss is prima facie evidence of loss. (*Id.* at p. 1543.) To rebut a prima facie case, the defendant has the burden to disprove the amount of losses the victim claimed. (*Ibid.*)

We review a victim restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) The scope of a trial court's discretion is broader when restitution is a condition of probation. (*Id.* at p. 663, fn. 7; cf. *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [trial courts have discretion to order restitution as condition of probation even when loss not necessarily caused by criminal conduct underlying conviction].) There is no abuse of discretion unless the court's ruling falls outside the bounds of reason. (*Giordano*, at p. 663.)

B

The court did not abuse its discretion by awarding restitution to Vessels and Engineering. Vessels's testimony was prima facie evidence of loss to him and his company. Grandpierre failed to disprove these losses or to provide a viable alternative theory of valuation.

The $420 restitution order to Vessels was proper. Grandpierre does not challenge this award. Vessels lost seven work hours correcting harm Grandpierre directly caused. This loss was an economic loss. Vessels was entitled to lost wages. (§ 1202.4, subd. (f)(3)(D).)

The court did not abuse its discretion by ordering $2,340 restitution to Engineering. Engineering was a direct victim because Grandpierre's actions affected the business's phone number. Vessels's testimony about using 12 work hours he could

5

have billed at $195 per hour was enough to show by a preponderance of the evidence Engineering suffered the $2,340 loss. The 12 hours were real and are gone. Vessels's testimony created a prima facie case for restitution for Engineering.

Grandpierre urges us to reverse and to strike the restitution to Engineering because Vessels offset the loss when he worked 12 hours outside his usual work hours. As the prosecution suggests, Vessels could have used those 12 hours to bill other clients and earn money for Engineering. The inference an employee would perform work during off-hours is apt, certainly for an employee-owner like Vessels.

Grandpierre did not give the trial court a better theory than did Vessels for how to value this time. Following Grandpierre's logic, Vessels's mitigating act erased all economic loss. His theory values the 12 hours at $0. This stance improperly takes a narrow view of economic loss. Grandpierre had the burden to disprove Vessels's claims of loss to Engineering. He did not satisfy this burden.

Vessels's act of working during off-hours is analogous to a victim's mitigation or recoupment from other sources. These actions do not foreclose restitution.

For example, in *People v. Dalvito* (1997) 56 Cal.App.4th 557 (*Dalvito*), the Court of Appeal rejected a defendant's argument a victim of a theft who mitigated his loss through bankruptcy suffered no economic loss. At the time of the theft, the victim had not yet paid for the stolen item, a necklace. He later declared bankruptcy, which discharged his debt for the necklace. The court affirmed the trial court's restitution award for the value of the necklace to the victim. (*Id.* at pp. 559–560, 562.)

The *Dalvito* court offered three reasons to reject the defendant's argument restitution was an improper windfall for the victim. First, filing for bankruptcy did not necessarily make the victim whole. Second, relieving the defendant of the obligation to pay for the stolen necklace would give the defendant a windfall. Third, it would be anomalous for a defendant's responsibility to make restitution to turn on whether his victim sought shelter in bankruptcy before the restitution hearing. (*Dalvito*, *supra*, 56 Cal.App.4th at p. 562.)

*Dalvito*'s reasoning applies to Vessels's mitigation of Engineering's loss. Vessels's extra work did not necessarily make Engineering whole for, as we explained, Vessels could have done other work for Engineering during that time. Grandpierre would receive a windfall if we value the 12 hours Vessels worked to remedy Grandpierre's harm at $0. And it would be anomalous to make a defendant's responsibility to make restitution to a company turn on whether the company's workers were conscientious enough to work during off-hours.

Recoupment cases also support our conclusion. "[D]irect victims of crime have a statutory right to restitution on the full amount of their losses without regard to the full or partial recoupment from other sources (except the state Restitution Fund)." (*People v. Baker* (2005) 126 Cal.App.4th 463, 468; see also *ibid.* [victim of cattle theft entitled to restitution for value of cattle despite victim recovering and selling the cattle]; *People v. Birkett* (1999) 21 Cal.4th 226, 247 [immediate victim entitled to full amount of loss defendant's crime caused, regardless of whether victim had purchased private insurance that covered some or all of the same losses]; § 1202.4, (f)(2) [third party's indemnification or subrogation rights shall not affect the amount

of restitution].) These precedents show economic loss does not disappear simply because the victim manages to recover some of its losses.

The trial court did not abuse its discretion by calculating loss to Engineering notwithstanding Vessels's efforts to make up lost work hours for the company.

C

The minute order incorrectly says the court ordered $2,760 to Engineering. The court orally pronounced an award of $2,340 to Engineering and this oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) The prosecution concedes $2,340 is the correct amount and says we should order the trial court to correct the error. The minute order also incorrectly says, "Counsel and the defendant stipulate to the above amount." We direct the trial court to remove this sentence and to amend the minute order to reflect the correct amount of restitution to Engineering.

## DISPOSITION

We direct the trial court to correct the restitution amount to be $2,340 to Electrical Advantage Engineering and $420 to Shawn P. Vessels and to remove from its order the sentence "Counsel and the defendant stipulate to the above amount." In all other respects, the order is affirmed.

WILEY, J.

We concur:

GRIMES, Acting P. J.

OHTA, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.