Filed 4/3/25  P. v. Watt CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| THE PEOPLE, | B336414 |
|---|---|
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA509348) |
| v. | |
| ANDREW JOHN WATT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kim L. Nguyen, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Andrew John Watt's sole contention on appeal is that the trial court erred in ordering restitution to reimburse the victim for lost wages. Defendant says the victim received full pay through her employee benefits for the time she lost from work and therefore had not shown any actual lost wages.

We affirm the restitution order.

## FACTUAL AND PROCEDURAL SUMMARY

In August 2023, defendant pled guilty to one count of driving under the influence (DUI) causing injury within 10 years of a separate DUI offense (Veh. Code, § 23153, subd. (a)). Pursuant to the plea agreement, the court suspended imposition of sentence and placed defendant on three years formal probation according to various terms and conditions. The court also ordered defendant to serve 90 days in county jail with credit for two days served.

On January 10, 2024, the court held a restitution hearing. Rubi Barragan, the victim who was struck by defendant while he was driving under the influence, testified to the damages she suffered as a result of the accident, including damage to her car, medical injuries and lost wages. Ms. Barragan testified she missed approximately two weeks from her job at Spectrum in El Segundo where she had been an office worker at the time of the accident. She was paid for the lost time, but she had to use 11 days of vacation time, three days of sick leave, and one personal day. The value of her lost wages for that time period equaled $4,078.85. At the time of the hearing, she was working for a new employer.

The court rejected defendant's argument that because of her employee benefits, the victim had not suffered any actual lost wages. The court found the amount of victim restitution established by the People on behalf of Ms. Barragan was reasonable and appropriate, and ordered defendant to pay total restitution in the amount of $5,838.86.

2

This appeal followed.

## DISCUSSION

We review the court's restitution order under the deferential abuse of discretion standard. (*People v. Giordano* (2007) 42 Cal.4th 644, 663; *People v. Santori* (2015) 243 Cal.App.4th 122, 126.) We presume the order is correct, indulge all intendments and presumptions to support it on matters as to which the record is silent, " ' " 'and error must be affirmatively shown.' " ' " (*Santori,* at p. 126.) "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." (*People v. Dalvito* (1997) 56 Cal.App.4th 557, 562.)

Article I, section 28 of the California Constitution states in relevant part: "(A) It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] (B) Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (*Id.,* subd. (b)(13).)

Penal Code section 1202.4 implements the constitutional mandate of article I, section 28. (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498; see also Pen. Code, § 1202.4, subd. (a)(1) ["It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime."].) The statute expressly provides for the recovery of lost wages. (§ 1202.4, subd. (f)(3)(D).) "A victim's restitution right is to be broadly and liberally construed." (*Mearns,* at p. 500; accord, *People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.)

3

"[A] prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss. [Citations.] 'Once the victim has [i.e., the People have] made a prima facie showing of his or her loss, the *burden shifts to the defendant* to demonstrate that the amount of the loss is other than that claimed by the victim.'" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26, italics added.)

Here, the victim testified at the hearing and supported her testimony with documentation. The evidence presented was more than adequate to establish a prima facie case for restitution in the amount requested.

On cross-examination, the victim acknowledged she was paid during the days she was off because of her employee benefits, and confirmed she no longer worked for the same employer. Defendant did not ask any other questions.

Defendant contends the evidence presented at the restitution hearing was insufficient to support the order of restitution with respect to lost wages because even though Ms. Barragan may have depleted vacation and sick time, she no longer worked for the same employer so she would not suffer any detriment from having used up those benefits.

Defendant's contention is pure speculation. Defendant did not ask Ms. Barragan any questions in this regard at the restitution hearing. It was defendant's burden to establish that Ms. Barragan did not suffer the losses she attested to, including whether she was deprived of an end-of-employment payout for unused leave because those days had already been exhausted.

In *In re K.F.* (2009) 173 Cal.App.4th 655, 666, the court affirmed a restitution order, under Welfare and Institutions Code section 602, that included lost wages where the employee had also

4

used leave time.  The court explained, "The evidence was sufficient to show that the victim continued to be paid by his employer only by depleting his sick leave.  This depletion represented a loss to him—the credits consumed would not be available to cover future illnesses or for whatever other beneficial purpose the employer might allow. . . .  The sick leave used by the victim was a valuable right which he lost as a direct result of [the defendant's] conduct.  Given that the exact value of that loss was dependent to some extent on unknown variables, including unknowable future contingencies, the trial court did not act irrationally in simply allowing the value of the time it represented."  (*K.F.,* at p. 666.)

Defendant has not affirmatively established an abuse of discretion by the court in allowing the victim's claim for lost wages as part of her request for restitution.

**DISPOSITION**

The restitution order is affirmed.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

5